# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **EVELYN BREWER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | |
| ) | |
| **INDIAN RIVERS MENTAL HEALTH** ) | |
| **CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### I.   INTRODUCTION

1.   This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964", codified at 42 U.S.C. §2000e et seq., as amended by the "Civil Rights Act of 1991," (hereinafter "Title VII"), 42 U.S. C. §1981, the "Age Discrimination in Employment Act," as amended, 29 U.S. C. §621, et seq., and the "Family Medical Leave Act" ("FMLA") 29 U.S.C. §2601, et seq.

### II.   JURISDICTION AND VENUE

2.   Jurisdiction is invoked pursuant to 28 U.S. C. §§ 1331, 1343(a)(3), 1343(a)(4), 1658, 28 U.S.C. §2201, 28 U.S.C.§2202 and 42 U.S.C. §2000e-5.

3.  A substantial part of the unlawful employment practices challenged in this action occurred in Bibb County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5.

### III. NATURE OF THE CASE

4.  This action is brought by a former employee, Evelyn Brewer, against her former employer, Indian Rivers Mental Health Center, alleging she was unlawfully terminated as a result of her former employer's policies and practices of discrimination on the basis of her race and age.  Brewer additionally asserts FMLA claims of interference and retaliation by her former employer Indian Rivers Mental Health Center.

5.  By this action, Plaintiff seeks monetary damages for lost wages and benefits, compensatory, and punitive damages, fees and declaratory relief including orders requiring the defendants to modify its practices and policies affecting plaintiff which resulted in unlawful discrimination, interference and retaliation.

### IV. ADMINISTRATIVE EXHAUSTION

6.  The plaintiff has met all conditions precedent for filing this case under Title VII.

## V.     PARTIES

7.     Plaintiff, Evelyn Brewer (hereinafter "Brewer" or "Plaintiff") is a fifty (50) year old, African American female, is a citizen of the United States, and is a resident of the county of Bibb County, State of Alabama.

8.     Defendant, Indian Rivers Mental Health Center (hereinafter "IRMHC" or "Defendant") is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, "the Civil Rights Act of 1991," 42 U.S. C. §1981, the "Age Discrimination in Employment Act," as amended, 29 U.S. C. §621, et seq., and the "Family Medical Leave Act" ("FMLA") 29 U.S.C. §2601, et seq.

## VI.    STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9.     Brewer was employed by defendant, IRMHC, at the facility located in Tuscaloosa, Alabama, where she was the Direct Care Staff Associate, entering into an employment relationship on or about March 26, 2001.

10.    Brewer applied for and was granted a leave of absence under FMLA on or about June 15, 2009.

11.    On or about June 24, 2009, Brewer's request for personal leave was denied.

12.    Brewer was removed from her full time regular position as the Direct Care Staff Associate prior to her return from her medical abence.

13.    Brewer was offered a "relief" position with IRMHC or resignation.

14. On or about June 29, 2009, Brewer initiated the internal appeal process as outlined within the employee handbook making several attempts to resolve matters with Lori Redding, Director of Human Resources.

15. Brewer worked in the relief position and continued to perform her duties as the Direct Care Staff Associate.

16. The relief position offered by IRMHC was not comparable to her former position as the Direct Care Staff Associate.

17. Brewer performed combined duties in her relief position to include those of the Assistant Coordinator.

18. Brewer's supervisor, Mr. Archie Nailor, recommended Brewer for placement as the Assistant Coordinator.

19. On or about December 3, 2009, Brewer applied for the Assistant Coordinator position.

20. Brewer interviewed for the Assistant Coordinator position on or about January 25, 2010.

21. Magenta Burnett, a white female, under 40 years of age, with less experience and tenure was selected for the position of Assistant Coordinator.

22. On or about March 1, 2010, Brewer was terminated from employment with IRMHC.

23. Brewer had no prior counseling or documented performance issues while working for IRMHC, receiving good to very good annual performance evaluations.

## VII.  CAUSES OF ACTION

### A. COUNT I – RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII AND § 1981.

24. The plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail hereinbelow.

25. During the plaintiff's employment, the defendant retaliated against her because of her race in termination, job assignments, wages and other terms, conditions and privileges of her employment.

26. The defendants adversely affected plaintiff's employment for non-legitimate pretextual reasons.

27. Said race discrimination was done maliciously, willfully and with reckless disregard for the rights of the plaintiff.

28. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

29. The plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by the Court.

30. The defendant's removal of Brewer from her position is causally connected between her letters of complaint suffering adverse employment activity.

## B. COUNT II – AGE DISCRIMINATION IN EMPLOYMENT UNDER 29 U.S.C. §621 AND TITLE VII.

31. The plaintiff re-alleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail hereinbelow.

32. During the plaintiff's employment, the defendant discriminated against her because of her age in termination, job assignments, wages and other terms, conditions and privileges of her employment.

33. Plaintiff is over the age of forty (40).

34. Defendant, IRMHC, discriminated on the basis of age in hiring a younger, lesser experienced, replacement as the Assistant Coordinator over Brewer.

35. The defendant discriminated on the basis of age by denying plaintiff employment and promotional opportunities.

36. The defendants adversely affected plaintiff's employment for non-legitimate pretextual reasons.

37. Said age discrimination was done maliciously, willfully and with reckless disregard for the rights of the plaintiff.

38. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive

relief, and compensatory and punitive damages is her only means of securing adequate relief.

39.     The plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by the Court.

## C. COUNT III – FAMILY MEDICAL LEAVE ACT VIOLATION

40.     The plaintiff re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail hereinbelow.

41.     Plaintiff was a full-time employee employed by IRMHC for over one year.

42.     Plaintiff was denied a substantive right to return to work in a comparable position by IRMHC.

43.     Plaintiff suffered a material change in her work assignment that it altered the the terms, conditions and privileges of her employment.

44.     Defendant, IRMHC, willfully interfered with plaintiff's job protection and rights as guaranteed under FMLA and by denying her the continued opportunity for employment in a comparable position.

45.     The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

46.     The plaintiff is now suffering, and will continue to suffer irreparable injury from defendants' unlawful conduct as set forth herein unless enjoined by the Court.

### D. COUNT IV – MENTAL AND EMOTIONAL DISTRESS

47.     The plaintiff re-alleges and incorporates by reference paragraphs 1-46 above with the same force and effect as if fully set out in specific detail hereinbelow.

48.     Defendant's actions described herein were intentional and inflicted upon the plaintiff severe mental and emotional distress.

49.     As a result of defendant's actions, the plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which should be compensated.


### VIII.  PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court will assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant, Indian Rivers Mental Health Center, are violative of the rights of the plaintiff secured by Title VII, 42 U.S.C.

§1981, the Family Medical Leave Act 29 U.S.C. §2601, et seq. and the Age Discrimination in Employment Act, U.S.C. §621;

2. Grant the Plaintiff a permanent injunction enjoining the defendant, Indian Rivers Mental Health Center, their agents, successors, employees, attorneys, and those acting in concert with the defendants from continuing to violate Title VII, 42 U.S.C. §1981, the Family Medical Leave Act 29 U.S.C. §2601, et seq. and the Age Discrimination in Employment Act, U.S.C. §621;

3. Enter an Order requiring defendant, Indian Rivers Mental Health Center, make the plaintiff whole by awarding her back-pay (plus interest), front pay, nominal damages, benefits, compensatory, and punitive damages with respect to the statutory and tort claims being just;

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

        Respectfully submitted,

        /s/Benjamin H. Cooper
        Benjamin H. Cooper
        ASB-5783-I72C
        205 20th Street North Suite 903
        Birmingham, AL 35203

Telephone: 205.307.6006
Fax: 1.866.286.1586
Email: ben.cooperlawoffice@gmail.com

**PLAINTIFF'S ADDRESS**

Evelyn Brewer
C/o Law Offices of Benjamin H. Cooper PC
205 20th Street North, Suite 903
Birmingham, Alabama 35203
Telephone: (205) 307-6006
Fax: 1-866-286-1586
Email: ben.cooperlawoffice@gmail.com

**CLERK OF COURT**

Please serve defendant by U.S. Certified Mail at the following address:

Indian Rivers Mental Health Center
3701 Loop Road East Building 39
Tuscaloosa, Alabama 35404